UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SHEET METAL WORKERS' NATIONAL
PENSION FUND, NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE FOR
THE SHEET METAL AND AIR CONDITIONING
INDUSTRY, SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST, INTERNATIONAL
TRAINING INSTITUTE FOR THE SHEET METAL
AND AIR CONDITIONING INDUSTRY, and
NATIONAL STABILIZATION AGREEMENT OF
THE SHEET METAL INDUSTRY FUND

         Plaintiffs,     CV-11-5081 (SJF)(AKT)

-against-

                 **ORDER**

COOL SHEETMETAL, INC., RICHARD KERN,
as an individual, and THOMAS RAMMELKAMP,

         Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ NOV 09 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

I. Background

   On October 19, 2011, plaintiffs Sheet Metal Workers' National Pension Fund, National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry, Sheet Metal Occupational Health Institute Trust, International Training Institute for the Sheet Metal and Air Conditioning Industry and National Stabilization Agreement of the Sheet Metal Industry Fund (collectively, "plaintiffs"), all of which are multi-employer, employee benefit plans, commenced this action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, against defendants Cool Sheetmetal, Inc. ("Cool Sheetmetal"), Richard Kern ("Kern") and Thomas Rammelkamp ("Rammelkamp") (collectively, "defendants") seeking *inter alia* to collect delinquent fringe benefits contributions, interest, liquidated damages and late fees in the total amount of one million two hundred four thousand eight hundred eighty-four dollars and forty-three

1

cents ($1,204,884.43), plus costs and attorney's fees. On or about May 10, 2012, plaintiffs served defendants with a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment on their claim seeking to assign liability for payment of the delinquent contributions to Kern (seventh claim for relief), which, pursuant to my individual rules, was filed with the Court on June 14, 2012. On June 4, 2012, counsel for defendants filed a letter with the Court indicating Kern's consent to entry of an order granting the relief requested in plaintiffs' motion. Accordingly, plaintiffs' motion for partial summary judgment against Kern, as an individual (seventh claim for relief), is granted and it is hereby ordered that Kern is personally liable for delinquent contributions, interest, penalties, late fees, attorney's fees and costs in amounts to be proven at trial. See 29 U.S.C. § 1109(a); LoPresti v. Terwilliger, 126 F.3d 34, 39-41 (2d Cir. 1997).

II. Conclusion

Plaintiffs' motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment against Kern, as an individual, is granted upon consent. In light of this determination, plaintiffs' application for a hearing or conference (Doc. No. 20) is denied and the trial will proceed as scheduled on December 10, 2012 at 10:00 a.m.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: November 9, 2012
Central Islip, N.Y.

---

[1] Although I initially referred plaintiffs' motion to the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, for a report and recommendation, I subsequently informed Magistrate Judge Tomlinson that I would vacate the referral order since defendants were consenting to the relief being sought by plaintiffs. However, due to my oversight, I never issued an order vacating the referral. Accordingly, the June 18, 2012 referral order is hereby vacated.